## JOSE FLORES v. SMITH & REDMOND.

### (Case No. 5488.)

1. ALLEGATA AND PROBATA—CONTRACT—A judgment must be the adjudication of one controversy, presented by both the pleadings and the proof. Evidence offered in proof of a contract essentially different from the one averred is inadmissible.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

This was an action by appellees for damages resulting from a breach of contract by appellant. The petition alleged: "That heretofore on, to-wit, the fifteenth day of December, 1881, the defendant for a valuable consideration, made and entered into a certain agreement with plaintiffs, whereby the defendant undertook and promised to deliver to plaintiffs at the ranchos of him, (defendant) in the county of Bexar, aforesaid, on the fifteenth day of March, 1882, all the certain mares then on, to-wit, the fifteenth day of December, 1881, owned by or in the possession of defendant at the agreed price of ten dollars per head for the mares, etc."

W. L. Smith testified: "Sometime in December, 1881, I bought from Jose Flores all of his mares on his rancho, except the old and crippled ones, such as we call 'moss heads.' I intended to select such mares as would fill a contract I had with another party. I would not have taken any blemished mares." No other evidence tending to prove a contract was introduced. The trial resulted in a verdict and judgment for plaintiff, fixing his damage at $850.

*Breneman & Bergstrom*, for appellant, cited: Railway Company *v.* Mitchell, 38 Tex., 85

*William Aubrey* and *Harrison & Harrison*, for appellees, cited: James *v.* Fulcrod, 5 Tex., 520; Cartwright *v.* McCook, 33 Tex., 613; Chitty on Cont., 7; R. S., art. 2235; Buford *v.* Bostick, 58 Tex., 64; Mills *v.* Herndon, 60 Tex., 353; Pridgeon *v.* Hill, 12 Tex., 374; Sedg. on Damages, 79; Briscoe *v.* Bronaugh, 1 Tex., 326; Long *v.* Steiger, 8 Tex., 460; Gammage *v.* Trawick, 19 Tex., 58; Wright *v.* Donnell, 34 Tex., 305; Miller *v.* Schmullen, 37 Tex., 233.

ROBERTSON, ASSOCIATE JUSTICE.—By the contract averred, the plaintiffs were bound to take, at the price of $10.00 per head, all of the defendant's mares. By the contract proven they were bound to take those only which were neither aged nor crippled. The number of animals embraced in the two contracts would be different, and the aggregate sum to be paid would be greater in the one trade than in the other. The two contracts are not the same in substance. For

the breach of the one declared upon, no damage was shown, because there was no proof of the number of aged or crippled animals in defendant's stock, nor of their value. The plaintiffs have recovered upon a different contract from that put in suit by them.

The addition made by the proof to the pleaded contract cannot be considered as mere redundancy ; it makes the controversy between the parties essentially different from that presented in the petition. The judgment recovered may be a just result of the contract proved, but to be sustained it must be the adjudication of one controversy presented, not by the proof or the pleading, but by both the proof and the pleading. Greenl. on Ev., secs. 66, 67.

The testimony of the plaintiff, Smith, the only evidence produced of any contract, for the breach of which a recovery could be had, ought to have been excluded. The error committed in admitting it over the defendant's objection requires a reversal of the judgment. It is accordingly ordered that the judgment be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 20, 1886.]