### J. F. ELKINS v. THE STATE.

*No. 1180. Decided November 20th, 1895.*

**1. Forgery—An Unsigned Bill of Sale.**

See opinion for an unsigned bill of sale for a horse, which is held sufficient to constitute a subject of forgery.

**2. Same—Signature to Instrument.**

It is not essential to the validity of an instrument in writing which purports to have been delivered, and which on its face also purports to have been executed by the maker, that it should be signed at the bottom by the maker. If the name of the party appears in the instrument, it is immaterial in what part of the instrument it appears, whether at the top, in the middle or at the bottom.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. BLACKBURN.

Appellant, J. F. Elkins, and W. O. Finley, were jointly indicted on the 17th day of July, 1895, by the grand jury of Bell County, Texas, charging them with the offense of forgery and with having in their possession the alleged forged instrument.

The first count charges appellant jointly with W. O. Finley, of, on or about the 8th day of July, 1895, "unlawfully and fraudulently having in their possession, with intent to use and pass the same as true, a false and forged instrument in writing, to the tenor following:

" 'SULPHIRE SPRINGS, July 8, 1895.

" 'This is to certify that I have sold and delivered one bay mare, 14 hands high, 5 years old, C on jaw; sold by J. C. Rawlings, to J. F. Elkins.

"(Witness)          W. O. FINLEY, O. W. HILL.' "

The second count in said indictment charges appellant and Finley with the making of the alleged forged instrument.

At the same term of the court, defendant, J. F. Elkins, was alone placed on trial, W. O. Finley not having been arrested. The District Attorney dismissed as to second count, that of making the alleged forged instrument, and a conviction followed on the first count in said indictment, with two years in the penitentiary assessed against him as punishment.

*G. M. Felts*, and *McMahon & McMahon*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is a conviction for unlawfully and fraudulently having in his possession, by appellant, a forged bill of sale, with intent to use it, and the punishment assessed at two years in the penitentiary. The forged instrument is as follows: "Sulphire Springs, July 8, 1895. This is to certify that I have sold and delivered one bay mare, fourteen hands high, five years old, 'C' on jaw, sold by J. C. Rawlings, sold to J. F. Elkins. Witnesses, W. O. Finley, O. W. Hill." Counsel for the appellant moved to quash the indictment—First, because said instrument, as set out in the indictment, does not appear to have been executed by any one, but only appears to be a certificate prepared for execution, and not signed; second, because said instrument would not, if genuine, have created, increased, discharged, or defeated any pecuniary obligation; third, because said instrument could not, if genuine, have affected any property; and, fourth, because such instrument is not such as could be passed or transferred from the holders or holder to anyone whomsoever. Transposed, the instrument would read as follows, without violence to its meaning: "This is to certify that I, J. C. Rawlings, have sold and delivered to J. F. Elkins one bay mare, fourteen hands high, five years old, 'C' on jaw." Would such an instrument have

affected property, if, in fact, it had been written by Rawlings? It would. Was it necessary, to give force and effect to such an instrument, for Rawlings to have signed the same at the bottom, he having written and delivered it, and having had same signed by attesting witnesses, showing it to be an executed instrument? It was not. If the name of the party appears in the instrument, it is immaterial in what part of the instrument it appears, whether at the top, in the middle, or at the bottom. Clason v. Bailey, 14 Johns., 484; Saunderson v. Jackson, 2 Bos. & P., 238; Welford v. Beazely, 3 Atk., 503; Schmidt v. Schnaelter, 45 Mo., 502. This is not an open question. There was no error in refusing to quash the indictment. That appellant had in his possession this bill of sale for the purpose of using it, is evident. He did use it for the purpose of proving that he had purchased the animal, when in fact, he had stolen it, and, consequently, for the purpose of shielding himself from the consequences of the theft. The judgment is affirmed.

*Affirmed.*