## W. R. KENNON ET AL. v. Z. BAILEY.

Delivered December 3, 1896.

**1. Pleading—Action on Promissory Note—Sufficient Petition.**

Plaintiff's petition alleged that the defendant K., for a valuable consideration, executed to plaintiff the notes sued on, and that defendant H. at the same time indorsed them; that they were long since due and defendants had failed to pay the same; and that by reason of the execution, indorsement and delivery thereof, the defendants became liable and promised to pay to plaintiff the said several sums of money. Held, that the petition sufficiently alleged the liability of defendants to pay the notes.

**2. Evidence—Variance—Notes Attached to Petition.**

When the notes upon which an action is founded are attached to the plaintiff's petition, the fact that, when offered in evidence, they do not correspond with the description in the petition, will not constitute a variance.

**3. Same—Agreement in Writing—Oral Testimony.**

Where it is admitted that an agreement is in writing, and in the possession of the witness, and no reason is given for its nonproduction, it is not error for the court to refuse to permit oral evidence as to its contents.

**4. Promissory Notes—Indorser—Protest.**

One who endorses notes at the time of their execution and delivery is not entitled to have them protested.

APPEAL from Marion.    Tried below before Hon. JOHN L. SHEPPARD

*R. R. Taylor,* for appellants.—1. The proof must correspond with the allegations in the petition; and especially must the notes offered in evidence correspond fully and correctly with the notes described and declared on in the petition; otherwise the notes are not admissible in evidence. Hunt v. Wright, 13 Texas, 549; Lemon v. Hanley, 28 Texas, 219; Sweetzer v. Claflin, 74 Texas, 667; Tribby v. McKee, 74 Texas, 142.

2. Parol evidence is admissible of an agreement made and entered into between the parties at the time of the execution of a contract, by which a failure of consideration is shown. Young v. Young, 19 Texas, 504; Loving v. Dixon, 56 Texas, 75.

*L. S. Schluter,* for appellee.—1. The court did not err in refusing to allow a witness to testify to a verbal agreement made at the time of the execution of the notes sued on, because the witness testified that the agreement was in writing, and that he had a copy in his possession, and because the writing was the best evidence of what the agreement

was.  Bigham v. Talbot, 51 Texas, 450; Cotton v. Campbell, 3 Texas, 493.

2.  The court did not err in overruling the defendant Hart's motion for new trial and in arrest of judgment.  He, having indorsed the notes at the time of their execution, became an original promisor, and as such was liable.  Cook v. Southwick, 9 Texas, 615; Carr v. Rowland, 14 Texas, 275; Hueske v. Brousard, 55 Texas, 201.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court of Marion County rendered for appellee against appellants, as maker and endorser of three promissory notes. The notes were executed by appellant Kennon, payable to his order, and were endorsed by appellant J. C. Hart at the time of their execution, and, with the indorsement of both appellants, were delivered to the appellee.  The notes bore date December 17, 1892, were payable respectively in 60, 90 and 120 days after date, were each for the sum of $666.67 each, and stipulated for the payment of an attorney's fee of ten per cent in case it should not be paid at maturity, and should be collected by an attorney at law, or by judicial process.

The petition averred non-payment of the notes, and prayed for judgment according to their legal tenor, and for costs of suit.  Defendants excepted to the petition, on the ground that it did not aver any liability on the part of defendants to pay the notes.  Defendant Hart answered that he was only an indorser of the notes, and that they were not protested for non-payment, and that he was thereby discharged from liability to pay them.  Defendant Kennon, in answer to the petition, averred that the notes sued on were given in payment of a lot of saw logs, upon which defendant had an attachment lien, being the first of such liens upon the property, the property being attached as the property of one Kelly and one O'Hearn; that plaintiff had a mortgage lien on the said logs as the individual property of said Kelly; and that, at the time of the execution of the notes, it was agreed and understood by and between defendant and plaintiff that said notes should not be paid unless plaintiff should establish his lien on said property as against defendant, in case defendant should establish his as the first lien thereon; that the plaintiff had failed to establish his lien upon said logs as against defendant, and that defendant had established his lien; whereby, under the terms of said agreement, defendant was absolved from all liability upon said notes.  The cause was tried by the court, without a jury, and judgment rendered, as aforesaid, against defendants; from which they have appealed to this court.

The first error assigned is, that the court erred in overruling defendant's exception to the petition.  If the petition averred facts which made defendants liable to plaintiff upon the notes sued on, the petition was sufficient, whether there was a formal averment of liability on part of defendants to pay the notes or not.  The petition alleged that the appellant Kennon, for a valuable consideration, made, executed and de-

livered to plaintiff the notes sued on, and that the defendant Hart, at the time of the execution of the notes, indorsed the same, and that said notes were long since due, and the said defendants had failed and refused, though often requested so to do, to pay the same or any part thereof. These averments alone sufficiently charge the defendants with liability to pay the notes; but, in addition to these averments, the petition does expressly allege that; "by reason of the execution and indorsement of said notes and the delivery thereof, the defendants became liable and bound, and promised to pay to plaintiff the said several sums of money." There was no error in overruling the exception to the petition.

The second assignment of error is, that the court erred in admitting the notes in evidence, over defendants' objection, on the ground of variance between the notes and the description given of them in the petition. This assignment is without merit, because if it be conceded that there is a variance between the notes and the description given of them in the petition, the exception is not available, for the reason that the notes were attached to the petition and made a part thereof by special averment.

The third assignment can not be sustained. The agreement about which the appellant Kennon proposed to testify was admitted by him to be in writing and to be in his possession, and, no reason being given for its non-production, the court did not err in refusing, upon objection by appellee, to permit the appellant to testify as to its contents. The appellant having failed to prove the averments of his answer that the notes sued on were executed and delivered upon condition that appellee should establish his lien upon the saw logs as against appellant Kennon, before he could enforce payment of the notes, it is immaterial whether the court erred or not in admitting in evidence, over objection of appellants, the judgment in the case of Torrens v. Kelly, and in which appellee was intervener; and it is also immaterial whether or not the contract of July 30, 1892, was correctly interpreted by the court; and therefore the fourth and fifth assignments will not be considered.

Nor will the sixth assignment be considered, as it is immaterial whether the appellants' lien on the logs was or was not superior to that of appellee's, since the appellants' evidence failed to show that the notes sued on were not payable until the appellee should establish a lien upon the logs superior to that of appellants. There was no error in refusing to arrest the judgment upon the motion of appellant Hart. Having indorsed the notes at the time of their execution and delivery by the payor Kennon, Hart bound himself as an original obligor to pay the notes; and whether he were surety, or guarantor, or principal, it matters not. He was not entitled to have the notes protested, or to have the suit brought to the next term of the court after their maturity Carr v. Rowland, 14 Texas, 275.

We find no error in the judgment, and it is affirmed.

*Affirmed.*