BUSTER et al. v. WOODY et al.

(Court of Civil Appeals of Texas. Amarillo. April 6, 1912.)

1. APPEAL AND ERROR (§ 575*)—TRANSCRIPT —SIGNATURE OF COUNSEL.

Where a transcript of the stenographer's notes, made as required by Act 31st Leg. (1st Ex. Sess.) c. 39, § 5, is not signed by counsel for any of the parties nor signed or approved by the court, it cannot be considered

as a statement of facts, though no ·objection is raised to it.

[Ed. Note.—For other cases, see Appeal and Error, Dec.· Dig. § 575.*]

2. APPEAL AND ERROR (§ 544*)—ASSIGNMENTS OF ERROR—OVERRULING.

Where there is no statement of facts nor findings of fact and conclusions of law by the trial court, and the pleadings warrant the judgment in so far as error is assigned, such assignments of. error must be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2426, 2478, 2479; Dec. Dig. § 544.*]

3. BILLS AND NOTES (§ 462*)—PLEADING— EXCUSE FOR DELAYING ACTION.

Sayles' Ann. Civ. St. 1897, art. 304, provides that the holder of any negotiable note may fix the liability of any indorser without protest or notice by instituting suit before the first term of the district or county court to which suit can be brought after the right of action accrues, or by instituting suit before the second term of court after accrual of action, and showing good cause why suit was not instituted at the first term. The holder of a note in an action against the maker and indorsers, not begun at the first term of court after accrual of the cause of action, alleged that he did not sue upon it at the first term of court because one of the indorsers informed him that another party would bring suit on a note given in the same transaction, and that he could be brought in as a party and could make himself a party to the suit. *Held,* that such allegations were insufficient to excuse failure to bring action at the first term or to entitle the holder to a recovery as against the indorsers.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1444, 1445, 1447–1461, 1464–1466, 1471–1473; Dec. Dig. § 462.*]

Appeal from District Court, Floyd County; L. S. Kinder, Judge.

Action by J: N. Farris against F. S. Woody, consolidated with action by H. W. Brown against J. N. Farris, F. S. Woody, and T. H. Buster. Judgment in favor of Farris against all parties to the suit, and in favor of defendant Brown against Woody and Buster, and Brown and Buster separately appeal. Judgment against defendant Buster reversed, and in other respects affirmed.

T. P. Adams, of Floydada, for appellants. Houghton & Hall and J. B. Bartley, all of Floydada, for appellees.

GRAHAM, C. J. On July 7, 1911, John N. Farris, one of the appellees ·herein, filed suit in the district court of Floyd county, in cause No. 802, on the civil docket of said court, against appellee F. S. Woody, to recover the amount of principal, interest, and attorney's fees on a certain vendor's lien note for $375, of date March 29, 1909, and due on its face March 29, 1910, alleging the execution and delivery to him of two notes by said Woody for the same sum and of same date, and alleging the payment of the first one; further alleging that the notes were given as part payment for certain lands sold and conveyed by Farris to Woody, and described in the pleading, and prayer was made for foreclosure of the lien on

said land. On July 18, 1911, H. W. Brown, one of the appellants herein, filed suit in the same court, in cause No. 808, on the civil docket thereof, against F. S. Woody, as maker, and J. N. Farris and T. H. Buster as indorsers on a certain vendor's lien note of date March 29, 1909, due on its face September 29, 1909, alleging that said note was given J. N. Farris as a part of the purchase of certain lands (describing them, and they being the same lands described in plaintiff's petition in cause No. 802); and further alleging that it was the first of the two notes given by Woody to Farris as a part of the purchase price for the lands, alleged the purchase of said note by Buster from Farris, and a purchase by plaintiff from Buster as well as an indorsement by said persons, respectively. On August 9, 1911, on motion of H. W. Brown, the trial court by proper order consolidated causes 802 and 808, and ordered that the trial proceed under cause No. 802, styled John Farris v. F. S. Woody et al. J. N. Farris' pleadings in the consolidated cause were so framed as to seek a recovery of judgment against Woody for the principal, interest, and attorney's fees due on the note sued on by him, and to foreclose his vendor's lien as against all parties to the suit, alleging facts tending to show a want of liability as indorser on the· note sued on by Brown. Appellant Brown in his pleadings in said consolidated cause sought a recovery on his note against Woody as maker, and Farris and Buster as indorsers, and prayed for a foreclosure of the vendor's lien, alleging that his was of equal standing with the lien asserted by Farris. Buster pleaded as against Brown's cause of action general and special exceptions and an especial denial of any act or word warranting Brown in having failed to sue at the first term of court as a means of holding Buster as an indorser on the note sued on. Woody, while duly cited to appear in the cause of action sued on by both Farris and Brown, appears to have made no defense. The case was tried before the court without a jury, and judgment rendered in favor of Farris and against Woody on the note sued on by Farris for the sum of $511.50, and a foreclosure of the vendor's lien on the land as against all of the parties to the suit. Judgment was also rendered in favor of Brown against Woody as maker and against Buster as indorser on the note sued on by Brown for the sum of $491.56. No recovery was had by Brown against Farris, though a foreclosure of a lien on the lands was awarded subject to a prior lien adjudged to secure the payment of Farris' judgment. To this judgment appellants Brown and Buster prosecuted separate appeals to this court, and each· has assigned errors as indicated below.

[1] There is on file among the papers in

this cause a paper styled "Statement of Facts," but as an inspection of same shows that it is in reality the transcript of the stenographer's notes, as required in section 5 of the Act of 1909, page 376, is not signed by counsel of any of the appellants or appellees, nor is it signed or approved by the court, we are not at liberty to look to it or consider it as a statement of facts, although no objection is raised to our so doing, and we will therefore dispose of the appeal in this cause on the record, without looking to said purported statement of facts. There are no findings of fact or conclusions of law by the trial court, and the appeal must therefore be disposed of on the pleadings and bills of exception alone.

Appellant Brown urges in this court two assignments of error, as follows: First assignment: "The court erred in its holding that plaintiff John N. Farris' note is a first and prior lien on the land described in said notes, and upon which the liens were sought to be foreclosed." Second assignment: "The court erred in its holding that the fact that the defendant T. H. Buster at the instance and request of the defendant Woody paid for defendant Woody to plaintiff John N. Farris the amount due on note No. 1, and took up note No. 1, made note No. 1 a secondary lien to note No. 2, and that note No. 2 must first be satisfied out of the land originally jointly liable, before note No. 1 could be considered."

[2] As there is no statement of facts in this case nor findings of fact and conclusions of law by the trial court, and the pleadings of the parties are sufficient to warrant the judgment rendered in so far as complaint is made under these assignments, they must both be overruled as being without merit under the record as brought before us.

Appellant Buster urges in this court two assignments of error, as follows: First assignment: "The court erred in allowing the letter of T. H. Buster to said H. W. Brown, as given on page 12 of the statement of facts, to be introduced in evidence and considered as showing good cause why the said H. W. Brown did not sue at the first term of the court after his cause of action had accrued." Second assignment: "The court erred in rendering judgment against said T. H. Buster in favor of said H. W. Brown on the indorsement of said T. H. Buster of said note sued on by said Brown, because the said Brown failed to fix the liability of the said Buster on said note as indorser by instituting suit on said note before the first term of the court after his right of action on said note had accrued, and had sued before the second term of said court without showing good cause why he, the said Brown, had not sued before the first term of said court, and that judgment was therefore contrary to the law." Because there is no statement of facts in this cause or findings

of fact and conclusions of law by the trial court, we are unable to pass on the merits of the first assignment, and it will therefore be overruled. For the same reason we are unable to pass on the merits of the second assignment.

[3] An inspection of the pleadings of Brown, in so far as he seeks to hold Buster as an indorser, however, has led us to believe the same insufficient to sustain the judgment rendered in favor of Brown and against Buster as indorser. Article 304, Sayles' Annotated Civil Statutes, is as follows: "The holder of any bill of exchange or promissory note assignable or negotiable by law, may secure and fix the liability of any drawer or indorser of such bill of exchange and every indorser of such promissory note, without protest or notice, by instituting suit against the acceptor of such bill of exchange, or against the maker of such promissory note, before the first term of the district or county court to which such suit can be brought, after the right of action shall accrue; or by instituting suit before the second term of said court after the right of action shall accrue and showing good cause why suit was not instituted before the first term next after the right of action accrued." The transcript shows that Brown's pleadings, wherein he seeks to hold Buster as indorser, were not filed before the first term of court in which he could have sued after the cause of action accrued, and, as we view the law, his pleadings wholly fail to show "good cause" for failure so to do. The only allegations found in Brown's pleading on this subject are as follows: "That on or about the 22d day of September, A. D. 1910, defendant T. H. Buster, for a valuable consideration paid plaintiff H. W. Brown, transferred and indorsed to plaintiff H. W. Brown the first-mentioned note, together with the accompanying lien on the land and premises therein described, together with all his rights and equities therein, by reason of his paying the money to said First National Bank to plaintiff John N. Farris then due on said note, at the request of said F. S. Woody. That plaintiff H. W. Brown did not sue upon this note at the first term of this court that convened after he purchased said note, to wit, the February term, A. D. 1911, for the reason that defendant T. H. Buster had informed him (H. W. Brown) that plaintiff John N. Farris would bring suit on his note, which was the second above described note, and that he (H. W. Brown) could be brought in as a party or could make himself a party to the suit"—which we think is wholly insufficient to entitle him to a judgment against Buster under the statute above quoted. Elliott v. Wiggins, 16 Tex. 596; Mullaly v. Ivory, 30 S. W. 259; Caldwell v. Byrne, 30 S. W. 836.

Because appellant Brown's pleadings are insufficient to entitle him to a recovery against

Buster as indorser on the note sued on by Brown, the judgment of the trial court, in so far as a recovery was granted in favor of Brown against Buster, will be reversed and remanded, and, there being no other error found in the judgment, it will be in all other respects affirmed, and it is so ordered.