### DUNN v. TOWNSEND et al.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 17, 1914.)

BILLS AND NOTES (§ 469*)—LIABILITY OF INDORSER—NECESSITY OF FIXING.

An indorser's liability is conditioned upon default of the maker, and upon the holder taking steps to fix such liability by instituting suit against the maker before the first term of court, etc., pursuant to Rev. St. 1911, art. 579, or by protest according to article 590, so that a petition in an action against an indorser was insufficient for not showing that his liability had been so fixed.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1494–1502; Dec. Dig. § 469.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by B. F. Townsend against J. E. Dunn and others. From a judgment for plaintiff against the defendant named, such defendant appeals. Reversed and remanded for new trial.

C. L. Hailey, of Abilene, for appellant. Thomas F. White, of Houston, for appellee.

SPEER, J. B. F. Townsend sued M. E. Sumerford, as maker, and J. F. Flannigan and J. E. Dunn, as indorsers, on a negotiable promissory note in the sum of $200, alleging that said Sumerford had executed said note payable to the order of Flannigan on June 2, 1910, due June 2, 1912, and that on May 29, 1911, the defendant Dunn had indorsed the same to plaintiff. The defendants Sumerford and Flannigan were not served with citation, and made no appearance. The defendant Dunn answered, and, among other pleas, demurred to the sufficiency of plaintiff's petition. The plaintiff dismissed as to the defendants Sumerford and Flannigan, and judgment was rendered against the defendant Dunn for the amount of the note, interest, and attorney's fees. The defendant Dunn has appealed.

Appellant not only demurred generally to plaintiff's petition, but specially excepted thereto, because the same showed that the note sued on was due June 2, 1912, and alleges that appellant, by written transfer and indorsement, transferred said note to appellee on May 29, 1911; and the petition shows that suit was not brought on said note at the first term of court after the same matured, and no excuse was alleged for such failure. This exception was overruled. The statute (Rev. St. 1911, art. 1843) provides that the indorser upon any contract may be sued without the necessity of previously or at the same time suing the principal obligor when he resides beyond the limits of the state, or in such part of the same that he cannot be reached by the ordinary process of law, or when his residence is unknown, and cannot be ascertained by the use of reasonable diligence, or when he is dead, or actually or notoriously insolvent. The indorser of a promissory note is not absolutely liable thereon; but his liability is conditioned upon the default of the principal obligor, and upon the holder's taking the steps prescribed by law to fix his liability. Article 579 of the Revised Statutes prescribes the methods by which the liability of an indorser may be fixed. "The holder of any bill of exchange or promissory note, assignable or negotiable by law, may secure and fix the liability of any drawer or indorser of such bill of exchange, and every indorser of such promissory note, without protest or notice, by instituting suit against the acceptor of such bill of exchange, or against the maker of such promissory note, before the first term of the district or county court to which suit can be brought, after the right of action shall accrue; or by instituting suit before the second term of said court, after

the right of action shall accrue, and showing good cause why suit was not instituted before the first term next after the right of action accrued." The liability of an indorser may also be fixed by protest. Rev. St. art. 590. There is no showing in the petition that the liability of this appellant as an indorser was made certain by either of the methods indicated by the statute. In the absence of such showing the special exception should have been sustained, for otherwise the petition shows no cause of action against appellant. Elliott v. Wiggins, 16 Tex. 596; Smith v. Lumber Co., 92 Tex. 448, 49 S. W. 574.

For the error of the court in overruling appellant's special exception, the judgment is reversed, and the cause remanded for another trial.