ST. LOUIS SOUTHWESTERN RY. CO. v. COX. (No. 1060.)

(Court of Civil Appeals of Texas. El Paso. April 22, 1920. Rehearing Denied May 13, 1920.)

1. Carriers ⬥158(3)—Limitation of amount of liability is invalid.

In the absence of proof to the contrary, it will be presumed that the loss of and injury to goods in an intrastate shipment was caused by the negligence of the carriers, so that the limitation of liability in the contract is not valid under Rev. St. 1911, art. 708.

2. Carriers ⬥184—Liability of terminal carrier under statute must be pleaded.

To recover from a terminal carrier the damages to shipment caused by preceding carriers, plaintiff must plead that the shipment was on a contract for through carriage, recognized, acquiesced in, or acted upon, by the carriers so as to bring the case within Rev. St. 1911, arts. 731, 732.

3. Carriers ⬥184—Evidence supporting unpleaded issue does not support recovery.

There can be no recovery against a terminal carrier, under Rev. St. 1911, arts. 731, 732, for loss occasioned by prior carriers, where a through contract was not pleaded, even though the evidence established such contract.

4. Trial ⬥41(2)—Witnesses who are agents of corporate defendant may be excluded.

The trial court did not abuse its discretion by refusing to excuse from the rule excluding witnesses two witnesses who were agents of the corporate defendant, but not such as under the law gave that defendant the right to have them remain in the courtroom during the trial.

5. Evidence ⬥244(16) — Agent cannot bind carrier to pay for damages.

In an action against a terminal carrier for injuries to goods in shipment, evidence that the carrier's agent, who was not authorized to bind the carrier to pay for loss or injury, advised plaintiff to take the goods, and stated that the carrier would do the right thing about them, is immaterial.

6. Appeal and error ⬥215(4)—Objection that charge was on weight of evidence must be taken below.

Objection that a charge given was on the weight of evidence cannot be considered on appeal, where that objection was not presented to the court below, as required by the statute.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Carriers ⬳135—Value at place of shipment immaterial on issue of damages.**

In an action for loss of and injury to household goods during shipment, the value of the goods at the place of shipment is immaterial.

Appeal from Navarro County Court; H. E. Traylor, Judge.

Action by J. A. Cox against the St. Louis Southwestern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Richard Mays, of Corsicana, for appellant.
Dexter Hamilton, of Corsicana, for appellee.

HIGGINS, J. Appellee, Cox, sued the appellant to recover damages occasioned by loss of and injury to certain household goods, furniture, etc., shipped in 1917 from Tahoka, Tex., to Dawson, Tex. The initial carrier was the Panhandle & Santa Fé Railway Company. The appellant was the terminal carrier, and received the shipment at Dallas, Tex., from the Gulf, Colorado & Santa Fé Railway Company. There was a verdict and judgment in favor of the plaintiff, from which the defendant appeals.

### Opinion.

The proposition underlying the fifth, sixth, and eighth assignments is that the correct measure of damage in this case is the sum of $10 per hundredweight of the shipment, and that the charge is erroneous in failing to give this measure. This contention is predicated upon the theory that the shipment was made at a reduced rate, in consideration of a declared valuation of $10 per hundredweight, and that the written contract of carriage limited recovery to that amount.

[1] In the absence of proof to the contrary, it will be presumed that the loss was caused by the negligence of the carriers, and since this is an intrastate shipment the provisions of article 708, R. S., apply. Under this statute provisions in a contract of carriage which would relieve the carrier from the consequences of such negligence are invalid, Railway Co. v. Ball, 80 Tex. 602, 16 S. W. 441.

[2] Under a number of assignments and in varying forms the contention is made that this appellant cannot be held liable because the loss and damage to the shipment occurred before it came into its possession. Appellant was the terminal carrier. The evidence discloses that it received the shipment at Dallas, Tex., from the Gulf, Colorado & Santa Fé Railway Company, and upon its receipt by appellant the shipment was in a badly damaged condition. For the purpose of fixing upon appellant liability for the loss and damage occurring prior to its receipt of the shipment appellee in-

vokes the provisions of articles 731 and 732, R. S. These statutory provisions have application in an intrastate shipment "on a contract for through carriage recognized, acquiesced in, or acted upon, by such carriers. * * *" The appellee's petition is insufficient to impose upon appellant as the terminal carrier any liability under these statutes for loss and damage accruing before appellant received the shipment, for the reason that it is not alleged that the contract was recognized, acquiesced in, or acted upon, by appellant. In order to fix a liability under these statutory provisions, the essential facts must be pleaded.

[3] Conceding that the evidence brings the case within the purview of these statutes it avails the appellee nothing. "Whatever might be the effect of the evidence, under proper allegations, it cannot support the judgment of the court upon an issue not made by the pleadings." Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567. See, also, Tinsley v. Penniman, 83 Tex. 54, 18 S. W. 718; Lumber Co. v. Lee, 7 Tex. Civ. App. 522, 27 S. W. 161; Railway Co. v. Johnson, 34 S. W. 186; Montgomery v. McCaskill, 189 S. W. 797.

For the reason indicated the cause will be reversed. Since the case must be retried, no opinion is expressed upon the sufficiency of the evidence to bring the case within the purview of the statute. We merely refer to the decisions which hold that, in order to fix liability under the statute upon a terminal carrier for loss or damage occurring before the shipment is received by that carrier, a contract for through carriage must be shown which was recognized, acquiesced in, or acted upon, by the terminal carrier. Railway Co. v. Jones, 104 Tex. 92, 134 S. W. 328; Elder, Dempster & Co. v. Railway Co., 105 Tex. 628, 154 S. W. 975; Railway Co. v. Roberts, 194 S. W. 218; Railway Co. v. Allen, 189 S. W. 765; Railway Co. v. Patterson, 173 S. W. 273.

There are a great many assignments raising other questions, as to which we will but briefly indicate our views, as it would serve no purpose to discuss the same at length.

[4] The action of the court in refusing to excuse the witnesses Malcolm and Stetler from the rule which had been invoked by the appellee presents no error. The witnesses were agents of the defendant, but not such as under the law gave the appellant the right to have them remain in the courtroom during the trial to assist counsel in defending the case. They were simply witnesses, and no good reason is shown why they should be excused from the operation of the rule. The discretion of the court in this matter was not abused, and no injury to the appellant is manifest, for which reason this mat-

ter presents no error. Railway Co. v. Bruce, 24 S. W. 927.

[5] The court should have excluded the testimony of the appellee, Cox, to the effect that when he took the goods out of the depot the appellant's agent advised him to take them, and said that the railroad company would do the right thing among them. It was not within the scope of this agent's authority to bind appellant to do the right thing about the shipment.

There is no other error in the rulings upon evidence complained of. There are a number of assignments of error complaining of the court's charge. Without approving the charge given by the court, there is no merit in the particular objections which the appellant here presents. Some of these objections present the question heretofore discussed with reference to the validity of the limitation of. liability to $10 per hundredweight of the shipment.

The first proposition under the tenth assignment complaining of section 5 of the charge presents the question of the liability of the terminal carrier, which is disposed of by the ruling made above.

[6] The second proposition under this assignment objects to this paragraph of the charge upon the ground that it is upon the weight of the evidence. This objection to the charge was not presented to the court below, as required by the statute, and for this reason it must be treated as waived.

[7] The court's charge upon the measure of damage is not as clear as it should. be, and in this connection it may be said that the value of the goods at Tahoka is not pertinent to the measure of damage. A careful reading of the charge discloses that it is not subject to the objection made in the fifteenth assignment, but is not as clear upon this phase of the case as it should be.

Since the case must be retried, there is no occasion to pass upon those assignments asserting that the verdict and judgment is excessive.

Reversed and remanded.