Wheblee, J.
It is insisted by tlio appellant that the defense cannot be entertained, because not pleaded in time.
The. plaintiff made profert of his letters of administration, omitting, however, to state when or where they were issued; and on oyer asked by the defendants lie failed to exhibit ins letters, and either neglected or refused to do so until years ailer. The delay of the defendants in pleading- appears to have been occasioned by that of tiie plaintiff, in giving oyer of liis letters of administration. And upon the facts and pleadings disclosed by the record it is by no means clear that the defense was not pleaded at as early a period as practicable, or, at least, as the plaintiff, under the circumstances, had the rig-lit to require.
It very satisfactorily appears that the deceased died testate iá 1S37, and in that year his succession was opened in the county of Shelby where he resided al, and for some time previous to his death; that the estate was in progress of administration by his widow, as his executrix in that county, when the plaintiff applied (o the Probate Court of Matagorda county, and obtained letters of administration on the estate, in 1841. In his application he states no fact *263 which entitled him to administer, and, in his subsequent applications to the court, made from year to year, to obtain extentions of the term of his administration, lie discloses no right in himself, as creditor or otherwise. He made an inventory, which, however, embraced no property but the note in suit in this case, and he made affidavit that the deceased died intestate, and that the note in question constituted all his estate within the plaintiff’s knowledge, when, at the same time then' was evidence in the records of the Probate Court of the county that the widow of the deceased iiad qualified as executrix of his will in the county of Shelby, and her authority had been recognized by the Probate Court of Matagorda county, in executing an order of the court in Shelby, obtained by her, for the sale of real estate of the deceased, situated in the county of Matagorda.
Note 73. — Fisk v. Norvell, 9 T., 13; Hurt v. Horton, 12 T.,285; Francis v. Hall, 13 T., 189; Grande v. Herrara, 15 T., 533; Grande v. Chaves, 15 T., 550; Burdefct v. Silsbee, 15 T., 505; Soya v. McCallister, 18 T., SO; Wardrup v, Jones, 23 T., 489.
It does not appear in what manger or by what right the plaintiff obtained possession of the note sued on. The sole object of his administration appears to have been to enable him to collect it; and it was commenced and conducted in a manner calculated to east suspicion on the integrity and fairness of the proceeding.
It is, however, sufficient for the disposition of the case that, the succession having been opened, and being in the progress of administration in the county of Shelby, where the deceased resided at the time of bis death,, the Probate Court of the county of Matagorda liad not jurisdiction to grant letters of administration on the estate to the plaintiff, and the letters so granted were consequently void, and conferred on him no right to maintain the notion.
The result attained by the District Court was in accordance with this conclusion, and is therefore, upon the whole, correct; and in this view the rulings of the court during the progress of the cause are wholly immaterial.
We are of opinion that the judgment be affirmed.
Judgment affirmed.