## W. B. B. SMITH v. T. M. RICHARDSON LUMBER COMPANY.

No. 755.   Decided February 13, 1899.

**1. Evidence—Res Gestae—Acceptance of Deed.**

In a suit on a note for purchase money and to foreclose a lien, the defense being that plaintiffs had accepted a deed of the property from defendant which provided for their assuming payment of the note, the declaration of plaintiff's agent, on being tendered such deed for acceptance, that they would not accept it, was admissible as part of the res gestae. (P. 450.)

**2. Indorser—Delay in Suit—Insolvency of Principal.**

In a suit against the indorser of a note, not brought at either the first or second term after its maturity, the allegation that the maker was notoriously insolvent, relied on to prevent discharge of the indorser by such delay, presented a material issue which, where the evidence did not preclude a finding in defendant's favor, it was error to withdraw from the jury. (P. 450.)

**3. Same—Request for Instruction—Positive Error.**

A charge to the jury, in such case, to find for the plaintiff, unless they found for defendant under the second clause of the charge, which second clause did not submit the issue of the principal's insolvency, was ground for reversal. It was not necessary to request an instruction submitting the issue, since such charge, if asked, would have been in direct conflict with that given. (Pp. 450, 451.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

The T. M. Richardson Lumber Company sued Tyree as maker and Smith as indorser of a promissory note secured by vendor's lien which it sought to foreclose. The note had been transferred by Smith to E. A. Butt & Co., under which name the lumber company was at that time conducting its business. Plaintiff had judgment against both defendants for the note, interest, and attorney's fees, and for foreclosure of lien. Smith appealed, and, on affirmance, obtained writ of error.

*Stuart & Bell,* for plaintiff in error.

*W. E. Murphy,* for defendant in error.

BROWN, ASSOCIATE JUSTICE.—Smith was indebted to the lumber company in the sum of $186 for a little lumber sold him, to secure which he indorsed to the lumber company a note signed by J. C. Tyree, payable to W. B. B. Smith, ninety days after date, dated November 27, 1895, for the sum of $400, with interest at 10 per cent from date, and providing for 10 per cent on the principal and accrued interest as attorney's fees, if the note should be placed in the hands of an attorney for collection or if it should be collected by suit. The note was given for real estate situated in Cooke County and reserved a vendor's lien thereon. It was indorsed by Smith to the lumber company before its maturity.

The lumber company instituted this suit against Smith and Tyree to foreclose the lien upon the land on February 1, 1897, in the District Court of Cooke County. The defendants, among other things, pleaded that the lumber company had purchased the real estate from J. C. Tyree and had assumed the payment of the note sued on; also that the suit had not been brought to the first or second term of the court after the maturity thereof whereby Smith claimed to be released, to which plea the plaintiff replied that at the time the note was indorsed to it and ever since, J. C. Tyree had been and was notoriously insolvent, and that his residence was unknown to the plaintiff. The lumber company recovered judgment against Smith and Tyree for $186 principal, $20.77 interest,

and $48.20 attorney's fees, a total of $254.97, with foreclosure of the vendor's lien.

Upon the trial, the court permitted one Dr. Hodge to testify, over the objection of appellant, that upon examination of the deed by Butt and of the recitals therein binding E. A. Butt & Co. or the plaintiff, the lumber company, to assume the payment of the note, Butt stated to Hodge that he would not accept the deed. The admission of this testimony was duly excepted to and assigned as error. The judge instructed the jury in substance to find for the plaintiff, the lumber company, the amount of its account and interest, with $48.20 attorney's fees, unless they should find for the defendants under the second section of the charge. The second section of the charge did not submit to the jury the question of Tyree's insolvency, and that question was not submitted in any portion of the charge.

The statement of E. A. Butt to the effect that he would not accept the deed from J. C. Tyree was properly admitted in evidence, it being a part of the res gestae. It appears from the statement made by the Court of Civil Appeals that the deed was presented to E. A. Butt for acceptance, and, upon examination of its terms, he declared that he would not accept it, which fact was testified to by Dr. Hodge.

If the plaintiff's petition had not contained the allegation that J. C. Tyree was notoriously insolvent at the time the suit should have been brought to fix the liability of the indorser, no cause of action would have been shown against W. B. B. Smith, because it appeared from the allegations in the petition that suit was not brought either to the first or the second term of the court after the debt matured. It devolved upon the plaintiff to allege and prove in this case one of the exceptions expressed in article 1204 in order to maintain this action against the indorser, who was discharged by the failure to sue at the first or second term of the court unless one of the exceptions which relieved the holder of the note from bringing such suit existed. Fisher v. Phelps, 21 Texas, 555; Elliott v. Wiggins, 16 Texas, 596.

The charge of the court in this case assumed the fact that J. C. Tyree was notoriously insolvent, as alleged in the plaintiff's supplemental petition, which was error unless the testimony was so conclusive upon that question as to exclude any reasonable ground for a difference of opinion upon the subject. We have examined the testimony of the witnesses, and have come to the conclusion that if the testimony is sufficient to sustain the allegation of Tyree's notorious insolvency, or in fact of actual insolvency, it is not of a character that would preclude a finding to the contrary by the jury; it was therefore a question for the consideration of the jury.

The court charged the jury to find for the plaintiff unless they found for the defendant under the second clause of the charge, in which the question of insolvency of J. C. Tyree was not submitted. The charge withdrew the consideration of the issue of insolvency from the jury and had the same effect as if it had expressly instructed them to find against

the defendant upon that issue. It was unnecessary for the defendant to ask any charge upon that issue, because a proper instruction would have been in direct conflict with that which the court had already given.

The District Court erred in assuming the fact of insolvency of J. C. Tyree, for which error the judgment of the District Court and Court of Civil Appeals must be reversed and this cause remanded.

*Reversed and remanded.*