HENDERSON v. BEGGS. (No. 8887.)

(Court of Civil Appeals of Texas. Ft. Worth. June 8. 1918. Rehearing Denied Oct. 19, 1918.)

1. LANDLORD AND TENANT ⚷⇒277(½) — RECOVERY OF PREMISES—LIABILITY OF LESSOR.

Where a lease of office rooms provides for re-entry without notice or demand, if any part of the rent remained unpaid for two days after it is due, a lessor on default in payment of rent for more than two days incurs no liability by ousting lessee from the premises.

2. TROVER AND CONVERSION ⚷⇒7 — CONVERSION BY LESSOR — ACCESS TO PERSONAL PROPERTY.

A landlord who, after ousting a tenant from the premises for nonpayment of rent, takes possession of the tenant's personal effects found on the leased premises, and excludes the tenant from access thereto temporarily, is guilty of conversion.

3. TROVER AND CONVERSION ⚷⇒22—RIGHT OF ACTION—REFUSAL OF TENDER AS DEFENSE.

Where a lessor upon ousting lessee from the premises has taken possession of the lessee's personal property, the lessee did not

abridge his rights to recover for conversion by refusing a tender of the property after the conversion was complete.

**4. LIMITATION OF ACTIONS ⬦➾127(2) — COMMENCEMENT OF SUIT — AMENDMENT OF PLEADINGS.**

A petition which as against a general demurrer is insufficient to state a cause of action is sufficient to stop the running of limitations if the defects therein are afterward cured by an amended pleading, even though such pleading is filed after limitations have run.

**5. LIMITATION OF ACTIONS ⬦➾127(8) — COMMENCEMENT OF SUIT—AMENDMENT OF PLEADINGS.**

In an action by a former lessee against his lessor for conversion of personal property alleged to have been committed by lessor, an amendment to the complaint that the acts were committed by lessor's agent was not barred·by limitations, although the statutory period had elapsed at time of amendment.

**6. PLEADING ⬦➾430(2)—VARIANCE—WAIVER— FAILURE TO OBJECT.**

In a former lessee's action against his landlord for conversion alleged to have been committed by the lessor, evidence that the conversion was committed by the lessor's agent did not constitute such a variance that it could not be waived by defendant's failure to object.

**7. APPEAL AND ERROR ⬦➾1041(4)—REVIEW— HARMLESS ERROR.**

Where the one object of a trial amendment in a conversion suit was to serve as a basis for proof of its allegations that the conversion was committed by lessor's agent, error in sustaining an exception to such amendment *held* harmless, where proof under the amendment was admitted without objection.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by A. A. Henderson against George Beggs, Jr., for conversion. From a judgment for defendant on an instructed verdict, plaintiff appeals. Reversed and remanded.

James C. Scott and Stanley Boykin, both of Ft. Worth, for appellant.

L. M. Levy and W. L. Evans, both of Ft. Worth, for appellee.

DUNKLIN, J. George Beggs, Jr., as agent for the owner of a building in Ft. Worth, rented an office therein to A. A. Henderson, a practicing attorney, who occupied it as his law office from November 7, 1914, until February 26, 1915, when he was ousted by Beggs, acting through one Taylor, his authorized agent and representative. The reason for such ouster was that Henderson was in arrears with his rent payments in the sum of $8. Taylor had the combination in the lock to the door of the office changed, and the door locked, during Henderson's absence and without his knowledge or consent; such change being made between the time he closed his office in the afternoon and the time he returned to it the following morning. When Henderson returned on the following morning he attempted to enter the room, but was unable to do so for the reason that the key he carried would not unlock the door on account of the change in the lock. When Taylor changed the lock he took Henderson's sign from the hall opposite the door and placed it in the room. By reason of the exclusion of Henderson from the office he was excluded also from access to and possession of his library, sign, office furniture, safe, account books, stationery, and overcoat, which were in the office. Later, and during the same day, Taylor tendered to Henderson his overcoat, which was accepted. The evidence shows further that thereafter Beggs offered Henderson permission to take from the room all his personal effects, which offer was declined, and later notified him that all his personal effects found in the office at the time of the ouster had been stored at his expense and subject to his order, but Henderson again declined to receive any of the articles.

Henderson instituted this suit against Beggs to recover the value of the remainder of said personal effects which were in his office at the time he was so ousted of possession, upon the theory and upon allegations that Beggs had wrongfully converted it to his own use. He also sued for damages to his business as a practicing attorney by reason of the ouster of possession of his office and personal belongings contained therein, which was alleged to be wrongful. Upon the trial the trial judge instructed a verdict in favor of the defendant, and from a judgment predicated upon a verdict returned in compliance with that instruction, plaintiff has appealed.

Among other defenses, defendant specially pleaded the written lease under which plaintiff held possession of the room, and claimed justification of the acts complained of by virtue of the following stipulation in the lease:

"If said rent, or any part thereof, shall remain unpaid for two days after it shall become due on the first day of any term of one month; or if said lessee shall assign this lease, or underlet said leased premises, or any part thereof, or if said lessee's interest therein shall be sold under execution or other legal process, without the written consent of said lessor, his heirs or assigns first had, it shall be lawful for said lessor, or his agents, heirs or assigns, without notice or demand, into said premises to re-enter, and the same to have again, repossess, and enjoy as in his former estate; and thereupon this lease, and everything therein contained on the said lessor's behalf to be done and performed, shall cease, determine and be utterly void."

---

⬦➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] By reason of that stipulation in the lease, and the default in payment of rent noted above, defendant incurred no liability for the ouster of plaintiff from his office room. Singer Sewing Mach. Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901; Brunson v. Dawson St. Bk., 175 S. W. 438.

[2] But the same cannot be said of the act of the defendant in taking possession of the personal effects belonging to plaintiff situated in the office, and excluding plaintiff of access thereto and possession thereof temporarily, as such acts amounted in law to a conversion, which is defined by Mr. Cooley in his work on Torts (2d Ed.) p. 524, as follows:

"Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion."

[3] Plaintiff owned the right of possession and access to such personal property at any and all times, and the act of the defendant in locking up such property in the room and denying plaintiff access thereto, except by the consent and with the permission of the defendant, certainly was a wrongful exertion of dominion over the property inconsistent with plaintiff's right of dominion. The stipulation in the lease of the right of the defendant to re-enter the room did not purport to give the right to take possession of plaintiff's library, furniture, and other personal property therein situated. The plaintiff had the legal right to treat such acts of the defendant as a conversion of such personal property, and to sue for damages therefor and also to refuse the tender of the property to him after the conversion was complete, without in any manner abridging his right to recover damages for the conversion. See Crawford v. Thomason, 53 Tex. Civ. App. 761, 117 S. W. 181, and authorities there cited, in which case a writ of error was denied by the Supreme Court (118 S. W. xv).

In plaintiff's original petition it was alleged that the wrongs complained of for which damages were claimed were committed by Beggs, but during the trial of the case plaintiff filed a trial amendment, in which it was alleged that those acts were committed by one Taylor, an employé and agent of Beggs, acting within the scope of the authority given to him by Beggs, and that Beggs was legally responsible to plaintiff therefor. To that trial amendment the defendant filed a special exception reading:

"This defendant specially excepts to said trial amendment for the reason that it appears that the matters complained of in plaintiff's said second trial amendment occurred more than two years prior to the filing of said trial amendment, and the same is therefore barred by the statute of limitations."

That exception was sustained by the trial court. But, notwithstanding that ruling, the defendant made no objection to the testimony introduced by the plaintiff, fully proving that the acts complained of, alleged to be a conversion, were in fact committed by Taylor as the agent of Beggs; in other words, the defendant did not object to such testimony, or move to exclude it upon the ground that it was at variance with the allegations contained in the original petition, and that the allegations contained in the trial amendment constituted a new cause of action, which was barred by the statute of limitation. Appellant has presented no assignment of error to the action of the court in sustaining the special exception to his trial amendment, but he has assigned error to the action of the court in peremptorily instructing the jury to return a verdict in favor of the defendant. Apparently, it was the defendant's purpose in urging his special exception to the trial amendment to present the contention that such an amendment presented a new cause of action which was barred by the statute of limitation, and that the court sustained the exception upon that theory. That ruling of the court was erroneous.

[4] It is a well-settled rule of decisions of the appellate courts of this state that a petition which, as against a general demurrer, is insufficient to state a cause of action is sufficient to stop the running of the statute of limitation, provided the defects therein are afterwards cured by an amended pleading, even though such amended pleading is filed after the period of limitation prescribed by the statute has expired. See Killibrew v. Stockdale, 51 Tex. 529, and many other authorities cited in McCamant v. McCamant, No. 8856, 203 S. W. 118, by this court, not yet officially published.

[5] We can see no valid reason why that rule of decisions should not be held applicable in the present instance.

[6] Furthermore, the variance between the proof that Beggs committed the acts complained of through his agent, Taylor, and the allegations in the petition that he committed those acts himself was not such a fatal variance that it could not be waived by the failure of the defendant to object thereto, since his liability therefor was the same in either instance, and we are of the opinion that it was waived by such failure to urge such objection. See Nimmo v. O'Keefe, No. 8885, 204 S. W. 883, by this court, not yet officially published.

[7] If appellant had assigned error here to the action of the court in sustaining the defendant's special exception to the trial amendment, the error would have been held harmless, in view of the fact that the only purpose of the trial amendment was to serve as a basis for proof of the allegations there-

in contained, and he was permitted to introduce such proof without objection.

For the reasons indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes