**COCHRAN v. SELLERS et al. (No. 582.)**

(Court of Civil Appeals of Texas. Beaumont.
April 17, 1920.)

**I. Bills and notes ⬥═299—Failure to sue solvent maker discharges indorser.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 579, fixing the liability of indorsers without protest by suit against the maker at the first term after maturity, failure to sue the maker at the first term discharges the indorser in the absence of proof of the maker's insolvency or other facts excusing the failure to sue.

**2. Bills and notes ⬥═526—Evidence held to sustain finding of maker's insolvency.**

Evidence of bankruptcy proceedings against the maker of a note, testimony by the tax assessor and the county clerk that he had no property of record and unsatisfied judgments against him *held* sufficient to sustain finding that he was insolvent, so that falure to sue him at the first term after the note's maturity did not discharge the indorser.

**3. Evidence ⬥═271(13)—Testimony of witness' statements to party is not evidence of facts stated.**

Testimony by a witness who was attorney for an alleged insolvent that he stated to the indorser of the note sued on that the maker had acquired land in another county since his bankruptcy is not evidence that the maker had acquired such land, and is not admissible to show the maker's solvency.

Appeal from Harris County Court; W. E. Monteith, Judge.

Action by J. C. Sellers against Allen Paul and J. B. Cochran. Judgment for the plaintiff, and defendant Cochran appeals. Affirmed.

A. C. Allen, of Houston, for appellant.
J. E. Walton, of Houston, for appellees.

HIGHTOWER, C. J. This suit was filed by the defendant in error, J. C. Sellers, who will hereinafter be called appellee, against Allen Paul and the plaintiff in error, J. B. Cochran, who will hereinafter be called appellant, the basis of the suit being a promissory note executed by Allen Paul, as maker, and by appellant as indorser, for the sum of $250, payable to appellee, and bearing interest at the rate of 8 per cent. per annum from its maturity, and providing for 10 per cent. attorney's fees. The note was dated June 4, 1917, and, according to its express terms, became due and payable four months after date.

Allen Paul answered by general demurrer and general denial. Appellant, Cochran, answered by general demurrer and specially that he was only an indorser on the note, and that when the same became due it was not protested by appellee, nor was suit brought on the same at the first term of court after the note's maturity.

To this defensive plea of Cochran, appellee, in a supplemental petition, replied that Paul was insolvent, and was a bankrupt, which insolvency was notorious, and that he had no property subject to execution, and, further, that Cochran was not prejudiced in any manner because of appellee's failure to file suit on the note at the first term of court after the maturity of the note.

The trial was before the court without a jury on June 13, 1918, and judgment was rendered for appellee against both defendants for $290.27, that being the amount of principal, interest, and attorney's fees due on the note, and for costs of suit, and from this judgment a writ of error was prosecuted to the Court of Civil Appeals for the First Supreme Judicial District at Galveston, and by order of the Supreme Court the cause was transferred to this court.

It is conceded by appellee that the note was not protested when it became due, and also it is conceded that suit was not brought at the first term of court ensuing after maturity of the note, but appellee contends that, on account of the insolvency of Paul, he was excused both from protesting the note at its maturity and from filing suit at the first term of court after the note's maturity. Now, by several assignments of error, it is contended by appellant that since the undisputed evidence showed that the note sued on by appellee was not protested when due, and that suit thereon was not filed at the first term of court after the note's maturity, appellant, who was admittedly only an indorser on the note, was released, and appellant relies, in support of his contention, upon article 579, Vernon's Texas Civil Statutes. That article provides that the holder of any bill of exchange or promissory note, assignable or negotiable by law, may secure and fix the liability of any drawer or indorser of any such bill of exchange, and each indorser of such promissory note, without protest or notice, by instituting suit against the acceptor of such bill of exchange, or against the maker of such promissory note, before the first term of the district court or county court to which such suit can be brought, after the right of action shall accrue, or by instituting suit before the second term of said court, after the right of action shall accrue, and showing good cause why a suit was not instituted before the first term next after the right of action accrued.

[1] It has been held by the Supreme Court of this state, and in fact the rule in this state is now well settled, to the effect that where the holder of a note fails to sue the maker at the first term of court after the note's maturity, an indorser on the note will be discharged, in the absence of proof of the

maker's insolvency or other facts excusing the failure to sue. Smith v. Richardson Lbr. Co., 92 Tex. 448, 49 S. W. 574.

[2] The only question for determination in this case is whether the evidence adduced upon the trial was sufficient to authorize a finding by the trial court that Allen Paul was insolvent, and that in consequence of such insolvency appellee was excused in filing suit on the note at the first term of court after it became due.

It appears that this suit was filed on December 17, 1917, and, as stated above, the note sued on became due four months after June 4, 1917. The evidence offered by appellee on the trial below, in support of his contention that Allen Paul was insolvent, was as follows:

(1) A decree of the United States District Court at Houston, rendered on January 6, 1915, adjudging Allen Paul a bankrupt.

(2) A decree of the United States District Court at Houston, rendered on November 7, 1917, ordering that the bankruptcy proceeding against Allen Paul be finally closed and dropped from the docket.

(3) Testimony by the tax assessor of Harris county, Tex., to the effect that the witness had worked in that office several years, and that he had carefully examined the records in that office to see if Allen Paul assessed any property for taxation, and he stated that he could not find any assessment of any property by Paul in that county.

(4) Evidence of the county clerk of Harris county, to the effect that the witness had worked in that office for several years past before the trial, and that he had charge of the deed records of the county, as well as other records in said office, and that he had carefully examined such records to ascertain if Paul owned any property in that county, and stated that, according to such records, Paul owned no property in that county.

(5) A judgment in cause No. 14448, Spring State Bank v. Allen Paul et al., in the county court of Harris county, Tex., showing that such judgment was obtained on the 5th day of April, 1918, for the sum of $335.50, and all costs of court, and that such judgment against Paul had never been discharged at the time of the trial of this case below.

(6) A judgment in cause No. 77072, Spring State Bank v. Allen Paul et al., in the district court of Harris county, Tex. (eightieth), the same being a judgment against Allen Paul on the 25th day of March, 1918, for the sum of $713.70; said judgment being unpaid at the time of the trial of this suit below.

Allen Paul, it seems, was not placed upon the witness stand on the trial below, and we have therefore no evidence, from him, as to his solvency or insolvency.

[3] Judge A. C. Allen was offered as a witness by the defendants below, and gave the following testimony, which was afterwards excluded by the court:

"J. B. Cochran, the indorser on the note sued on, came to me before maturity of the note, and wanted Paul to pay it promptly when due. He was very persistent, and came several times to me, the attorney for Paul in most matters. I assured him that Paul had more than enough property on the outside of Houston, where his home is, to pay it. I told him that Paul had been discharged in bankruptcy, and that he had acquired land in Sour Lake, Tex., and another tract of 26 and a fraction acres in Hardin county, near the Saratoga oil field. That both of these tracts had been deeded to him by Judge R. E. Brooks. That I personally examined the deed from Brooks at the time of the transaction, and that I had been on the land at Sour Lake belonging to Paul, and that it was worth, in my opinion, several thousand dollars, and that there were producing oil wells within a few feet of it. Paul had been discharged in bankruptcy before Cochran came to see me, and before Paul acquired said lands."

This evidence on the part of Judge Allen was introduced over objection of appellee, which objections were: First, because such evidence was immaterial and irrelevant; and, second, was hearsay; and, third, was self-serving. But though the court overruled the objections thus interposed by appellee, appellee's motion afterwards made to strike it out was granted, and appellant saved his bill. After careful consideration of the evidence of Judge Allen, as just quoted, we have concluded that the only statement of fact made by him was that Paul had been discharged in bankruptcy before Cochran went to see Judge Allen about Paul paying the note. We think that the conclusion cannot be escaped that all the other portion of Judge Allen's evidence amounts to a statement by him that he told Cochran certain things, as shown in his evidence. But though it might be conceded that Judge Allen told Cochran those very things, yet it does not follow that Judge Allen testified to such as matters of fact, and even if the trial court was in error in striking out this evidence of Judge Allen, and refusing to consider it in determining the issue before him, but had on the contrary considered such evidence in reaching his judgment, still we think that it must be held, upon the whole evidence, that the trial court was warranted in finding that Allen Paul was insolvent, as claimed by appellee, and that such insolvency excused appellee's bringing suit on the note at the first term of court after its maturity, and that the trial court's judgment against both Paul and Cochran has sufficient support in the evidence, and should be affirmed; and it will be so ordered.