SPURGIN v. DENTON COUNTY NAT. BANK et al.   (No. 9464.)

(Court of Civil Appeals of Texas. Fort Worth. July 2, 1921. Rehearing Denied Oct. 15, 1921.)

1. Evidence ⬅➙423(6) — Parol testimony not admissible to show indorsee's liability different from that imported by note.

In action on note against payee by indorsee to whom payee indorsed it, the payee's liability could not by parol testimony be shown to be different from that which the note with its indorsements imports.

2. Bills and notes ⬅➙243—Payee liable to indorsee only as indorser.

A payee can be held liable to indorsee only as an indorser, and not as a principal obligor, for the rule that an indorser of a negotiable instrument may be held liable as a maker applies only when the indorser is not a party to the note and indorses his name thereon at its inception and before the payee indorses it.

3. Bills and notes ⬅➙299 — Payee's indorsee not required to sue maker at first or second term of court after default, where maker was insolvent when note matured.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1843, payee's indorsee could sue payee as indorser on note, in the absence of a protest, without first suing the maker at first or second term of court after accrual of right of action in accordance with article 5379, where the maker was insolvent when the note matured.

4. Pleading ⬅➙406(5)—Allegation as to value of property on which lien was sought to be foreclosed held sufficient in absence of exception.

In action to foreclose lien, allegation that the property upon which the lien was claimed was of value of the debt sued for held to plead the value of the property, notwithstanding other allegation that plaintiff was unable to allege such value, in the absence of an exception to the petition on the ground of conflicting allegations.

5. Appeal and error ⬅➙742(4) — Assignment to exclusion of testimony must state testimony.

Assignment of error, complaining of exclusion of testimony without statement of the testimony, held insufficient.

6. Appeal and error ⬅➙742(4)—Assignment of error, complaining of exclusion of testimony without reference to its nature or character, insufficient.

Where assignment of error complaining of exclusion of testimony was followed by statement referring to bill of exception, which referred merely to the statement of named witness as shown in the statement of facts, without reference to its nature or character, the assignment of error was insufficient for consideration.

7. Bills and notes ⬅➙225—Negotiable Instrument Act inapplicable to notes which had matured before act took effect.

The Uniform Negotiable Instrument Act held not applicable to notes which were executed and had matured long before the act became effective.

8. Appeal and error ⬅➙1173(2)—Judgment as to one defendant not disturbed on writ of error by another defendant.

On writ of error by one defendant to review the judgment for plaintiff against two defendants, the Court of Civil Appeals, in reversing judgment as to such defendant, will not disturb it as to other defendant who did not appeal.

Error from Denton County Court; Ed. I. Key, Judge.

Suit by the Denton County National Bank against A. M. Spurgin and another. Judgment for plaintiff, and named defendant brings error. Affirmed.

Hatcher & Zumwalt, of Dallas, for plaintiff in error.

Joe S. Gambill and Owsley & Owsley, all of Denton, for defendants in error.

DUNKLIN, J.   This suit was upon three promissory notes, one for $250, dated March 27, 1918, one for $250, dated April 16, 1918, and one for $100, dated June 19, 1918, all made payable September 27, 1918. The notes were all executed by W. A. Boyd, payable to the order of A. M. Spurgin, and indorsed by Spurgin to the Denton County National Bank, who sued the maker and the indorser, and recovered judgment against both.

[1] The liability of appellant, Spurgin, was fixed by the terms of the written instrument and his indorsement thereof, and it was not permissible to prove by parol testimony that his liability was different from that which the written instrument with its indorsements imports. As Spurgin was the payee of the notes, his liability was that of indorser only, and not as a principal obligor. 1 Daniel on Negotiable Instruments, § 707.

[2] The rule that an indorser of a negotiable instrument may be held liable as a maker applies only when the indorser is not a party to the note, and indorses his name thereon at its inception, and before the payee indorses it. See cases cited in 2 Encyclopedia Digest on Texas Reports, p. 972; also 1 Daniel on Negotiable Instruments, § 709.

[3] By article 579, V. S. Tex. Civ. Statutes, in the absence of a protest, in order to fix the liability of Spurgin as indorser on the notes, it was necessary for the plaintiff to sue the maker, Boyd, at the first term of court convening after the maturity of the

notes, or at the second term of court after the right of action accrued, and showing good cause why suit was not instituted at the first term of court after the right of action accrued. But as settled by the decision of our Supreme Court, certain exceptions are ingrafted upon that statute, by article 1843, which reads as follows:

"The assignor, indorser, guarantor and surety upon any contract, and the drawer of any bill which has been accepted, may be sued without the necessity of previously, or at the same time, suing the maker, acceptor or other principal obligor, when he resides beyond the limits of the state, or in such part of the same that he cannot be reached by the ordinary process of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead, or actually or notoriously insolvent."

In Williams v. Planters' & Mechanics' Bank, 91 Tex. 653, 45 S. W. 692, in which the liability of an indorser of a promissory note was in issue, the following was said:

"Under article 1204 [now 1843] Rev. Stats., it was not necessary to either protest the note or to bring suit upon it at the first or second term of the court after it became due, if Petri, the maker was at the time it fell due actually or notoriously insolvent."

To the same effect is Smith v. Richardson Lumber Co., 92 Tex. 448, 49 S. W. 574; Smith v. Ojerholm, 93 Tex. 35, 53 S. W. 341. See, also, McCamant v. McCamant, 203 S. W. 118, and decisions there cited.

The evidence showed conclusively, and the jury found, that the defendant Boyd was insolvent when the notes matured; hence plaintiff was not required to institute the suit either at the first or the second term of court in order to fix the liability of Spurgin, the indorser.

[4] Defendant Spurgin presents a further assignment urging what is alleged to be fundamental error, and that is invoked against the plaintiff's suit, and is based upon the statement that the petition fails to allege the value of the property upon which a lien is sought to be foreclosed. We have examined the petition, and find that is does contain an allegation that the property upon which the lien was claimed was of the value of the debt sued for. While the petition does contain another allegation that plaintiff was unable to allege such value, yet there was no exception to the petition on the ground of such conflicting allegations, in the absence of which, we cannot say that the allegation of such value should be disregarded.

[5, 6] Two assignments of error are presented by Spurgin to that portion of the judgment denying him a recovery over against Boyd. One of those is the thirteenth, complaining of the exclusion of certain testimony of Spurgin which was offered by him.

But the testimony is not pointed out in any statement following that assignment, and it is impossible to determine what it was. Bill of exception No. 2 is referred to, but it likewise fails to show what the testimony offered was. The same observation applies to the fourteenth assignment of error. In the statement following that assignment, bill of exception No. 3 is referred to, but in that bill of exceptions the testimony excluded is referred to only as the testimony of witness Spurgin as shown in the statement of facts, without any reference to its nature and character. That is wholly insufficient.

[7] The notes in controversy could not, in any event, be affected by the "Uniform Negotiable Instruments Act," which was passed by the Thirty-Sixth Legislature, as shown in the acts of 1919, page 190, since they were executed and matured long before the act became effective.

[8] No appeal has been prosecuted by defendant Boyd from the judgment against him in favor of plaintiff bank; hence the same is undisturbed; but for the reasons stated the judgment in all other respects is affirmed.