## LAWSON v. TOWNSEND.
### No. 2376.

Court of Civil Appeals of Texas. El Paso.
Jan. 23, 1930.

Rehearing Denied March 6, 1930.

Paul Moss, of Odessa, for appellant.
T. G. Jackson, of Ft. Stockton, for appellee.

### HIGGINS, J.

This is a suit by Townsend against Lawson to recover damages, actual and exemplary, for alleged malicious conversion of chattels.

The evidence discloses that in May, 1927, plaintiff was occupying a building in the town of Crane leased from defendant in which he operated a barber shop, having therein and owning four barber chairs, mirrors, towels, and various other articles used in the operation of his business. In the month stated he went with a sick child to Fort Worth, Tex., and remained there until the child's death. When he left Crane he left his shop in charge of Jack Adams.

Plaintiff was delinquent in the payment of rent. About June 26, 1927, and prior to plaintiff's return, defendant went to the barber shop, found several barbers there, demanded of them the payment of the rent due, or surrender of the premises. Those present disclaimed any liability for the rent and left the premises. Whereupon defendant took possession of the building and the property therein and on July 30, 1927, turned same over to Jim Holladay, who continued to operate the barber shop in his own right.

The jury found:

1. Prior to June 26, 1927, plaintiff did not abandon the shop.

2. On that date defendant took possession of the property described in the petition without the consent of plaintiff.

3. Defendant did not take and keep the property for plaintiff.

4. Defendant converted some of the property to his own use.

5. The property so converted was of the value of $600.

6. The indebtedness against such property was $545.

7. In taking possession of the property defendant was actuated by malice.

8. This finding assessed exemplary damages in the sum of $300.

9. Defendant excluded plaintiff "of access to the personal property in question and possession thereof."

Judgment was rendered in the plaintiff's favor for $355, from which defendant appeals.

Our conclusions disposing of the propositions presented by appellant are as follows:

■ 1. The court did not err in refusing a peremptory charge in defendant's favor. The term for which the house was let had expired and the parties in possession voluntarily surrendered possession to plaintiff when he demanded such possession or payment of the rent on June 26th. But appellee's suit is not for wrongful eviction from the house. It is for conversion of the property therein of which defendant took possession and disposed of to Holladay.

The fact that the rent was past-due did not authorize the action taken by appellant. He should have pursued the remedy provided by law for subjecting the property to his landlord's lien. Without any legal process he took possession of the property and disposed of it to Holladay, and in so doing he was clearly liable as for conversion thereof. Henderson v. Beggs (Tex. Civ. App.) 207 S. W. 565; Cooley on Torts (2d Ed.) 524.

■ 2. It is objected the court erred in permitting plaintiff to testify as to the intrinsic value of five quilts, ten sheets, and one electric iron. These were household articles belonging to plaintiff and converted by defendant.

As to these items the court did not err in admitting evidence of their intrinsic value. Pittman v. Ft. Worth W. & S. Co. (Tex. Civ. App.) 258 S. W. 1105.

■ 3. There is no evidence of malice on appellant's part in converting the property. What evidence there is upon the issue rebuts any inference of malice. The evidence shows that prior to taking any action appellant consulted two local peace officers and the justice of the peace, and was advised by them to proceed as he did to collect the rent due and obtain possession of the house. Upon this advice he acted, and there is nothing to impugn his good faith in thinking he had the right to proceed as he did. The evidence merely discloses a simple conversion. There is no evidence of malice and the court erred in submitting any issue with respect thereto. The assignments presenting this question are sustained.

■ 4. There was no error in excluding testimony that plaintiff had not demanded return of the property converted. Henderson v. Beggs (Tex. Civ. App.) 207 S. W. 565.

5. All propositions not controlled by what is said above have been considered. They are regarded as without merit and calling for no discussion.

With the elimination of the item of $300 awarded as exemplary damages, it follows the judgment in plaintiff's favor should be reduced to $55.

Reversed and here rendered for that amount.