## HARNDEN v. McKINNEY.

### No. 9882.

Court of Civil Appeals of Texas. San Antonio.

Nov. 12, 1936.

Rehearing Denied April 7, 1937.

Alex F. Cox, of Beeville, and Hal Browne, of San Antonio, for appellant.

Wade & Wade and L. D. Stroud, all of Beeville, for appellee. .

MURRAY, Justice.

A. L. McKinney instituted this suit against H. H. Harnden seeking to recover, among other things, the reasonable cash value of certain personal property alleged to have belonged to McKinney and to have been converted by Harnden.

The trial was to a jury and upon their verdict the trial judge rendered judgment

in McKinney's favor and against Harnden in the sum of $688.15, less an offset of $7.50, from which judgment Harnden has prosecuted this appeal.

Appellant, Harnden, owned a building in the city of Skidmore, Bee county, Tex. He entered into a written lease and conditional sale of this building and premises with appellee, A. L. McKinney, whereby McKinney rented the building at the rate of $45 per month, together with an option to buy and have all rental payments applied as a part of the purchase price. The lease contract gave Harnden the right of reentry in the event any installment of rent was not promptly paid, the rent being payable monthly.

McKinney subleased to one McMahon and one Hamer for a period of one year.

The evidence shows, and the jury so found, that appellant, Harnden, went to the building and took charge of same, including a great deal of personal property belonging to McKinney, locking the building up and retaining the key, when there was only a balance of $7.50 due to him on the rent. Harnden made no demand of McKinney for this amount of rent before taking possession of the building and the personal property of McKinney. The jury found the personal property to be worth $688.15.

Appellant's first assignment of error reads as follows:

"The court erred in not rendering judgment for the defendant (appellant here) in this cause, because there was no verdict on which to base a judgment against him."

We overrule this assignment. The verdict of the jury was sufficient to support the judgment, and if implied findings were necessary, they will be presumed to have been made by the court in rendering judgment on the verdict. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

Appellant's second assignment is: "The court erred in not rendering judgment for the defendant in this case, because the undisputed evidence shows that defendant had not committed the wrongs alleged by plaintiff's (appellee here) petition."

We overrule this assignment. We conclude the evidence was sufficient to show that Harnden was guilty of the wrongs alleged.

Appellant's third assignment is: "The court erred in not submitting to the jury Special Issue No. 4, requested by the defendant, because there was evidence in the case that defendant had not converted the personal property of plaintiff as alleged by him."

We overrule this assignment. The evidence was undisputed that Harnden took charge of the building and locked appellee's personal property up in the building and afterwards refused to give appellee the key to the building. The jury found that there was only $7.50 due as rent, and that appellant did not make formal demand for the rent before making a re-entry and taking charge of not only the building, but the property of appellee. These facts would justify the court in finding that the property had been converted by appellant. The requested issue would have called for a conclusion of law rather than a finding of fact and same was properly refused.

Accordingly, the judgment will be affirmed.

On Motion for Rehearing.

Appellant, in his motion for rehearing, insists that the question of conversion of the personal property should have been submitted to the jury. We overrule this contention. It is undisputed in the record that appellant locked up the building containing the appellee's property; that appellant had no authority to seize this property; that when asked to return the personal property to appellee he declined to do so. McKinney testified that he demanded the property and that Harnden refused to give it to him. When Harnden was questioned with reference to this matter, he gave the following testimony:

"Q. Well, anyway, Sid Malone demanded of you that you return the property to McKinney, didn't he? A. McKinney did."

This undisputed evidence shows a conversion of the property by appellant, and the fact that he afterwards tendered it back to McKinney would not be sufficient to prevent the conversion from being complete, when he took the property and refused to surrender it to its owner. Henderson v. Beggs, (Tex.Civ.App.) 207 S.W. 565.

Appellant's motion for rehearing will be overruled.