## WOOD'S GARAGE & IMPLEMENT CO. v. McALLEN STATE BANK.

### No. 12106.

Court of Civil Appeals of Texas. San Antonio.

May 24, 1950.

Rehearing Denied June 21, 1950.

Rankin, Kilgore & Cherry, Edinburg, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

NORVELL, Justice.

This case is before us on findings of fact and conclusions of law. The findings of fact are not challenged except in the one particular hereinafter mentioned, so our statement of the case is taken therefrom.

In January, 1947, A. J. Lacey, one of the defendants below who has not appealed, borrowed $300 from appellee, McAllen State Bank, which he used to pay part of the purchase price of a Caterpillar tractor. Lacey purchased the tractor from appellant, Wood's Garage and Implement Company, and gave appellant a note and chattel mortgage to secure $406.15, payable in two installments of $200.20 and $205.95, respectively. He also gave a note and chattel mortgage to appellee bank for $300, which constituted a second lien upon the tractor. Both notes are dated January 29, 1947.

The appellant endorsed the $406.15 note to appellee bank, "without recourse." Lacey paid the first installment, but the second installment was paid by appellant, Wood's Garage and Implement Company. The note was returned by the bank to appellant in a letter which recited that the note had been paid. Appellant took possession of the tractor and refused to acknowledge the bank's asserted claim under

the $300 second mortgage. Appellant contended that it was subrogated to the right theretofore held by the bank in and to the first mortgage by reason of its having paid off the last installment of the $406.15 note.

On November 13, 1946, C. F. Wood, on behalf of Wood's Garage and Implement Company, wrote a letter to the bank which contained the following statement or agreement: "In consideration of your handling *various* chattel mortgage notes for my account, you are hereby advised that I will endorse all such notes, *with recourse on me*, and guarantee you payment thereof."

Appellant contends here that despite the "without recourse" endorsement on the note involved, it was secondarily liable thereon and consequently subrogated to the rights of the original holder by reason of having paid the last installment due on said note.

■ The trial court found that the bank had made no demand that appellant pay the note. This particular finding is challenged by appellant, but is supported by the record. Mr. C. F. Wood arranged for one extension of the second installment on the note and attempted to secure another extension, which the bank refused to grant. Wood did not testify that the bank demanded that he or his company pay the balance due on the note, but that the bank refused the request for a second extension, whereupon he, Wood, paid the balance due on the note.

From these facts, the trial court concluded, as a matter of law, that the appellant paid the final installment of the note "as a voluntary act, and for this reason acquired no rights by subrogation or assignment in and to said note and chattel mortgage securing it, and that such payments fully liquidated the said note and operated as a discharge of the chattel mortgage securing the same."

The court further concluded that appellant's actions in keeping the tractor and denying the validity of the bank's asserted $300 mortgage, amounted to a conversion and consequently the bank was entitled to judgment against appellant for said sum of $300, together with interest, in the event the tractor could not be subjected to appellee's asserted lien.

The mortgage note for $406.15 was introduced in evidence. The endorsement of appellant thereon recites that it is "assigned and transferred to McAllen State Bank, McAllen, Texas, together with all right held by us securing payment thereof, *without recourse, however, on the undersigned.*"

By a trial amendment, appellant pleaded that the bank called upon it "to pay said note in accordance with (appellant's) *endorsement* thereon."

■ It is clear that appellant was not liable upon the endorsement appearing on the note. Section 38 of the Uniform Negotiable Instrument Law, art. 5934, § 38, Vernon's Ann.Civ.Stats. The parol evidence rule is applicable, Spurgin v. Denton County National Bank, Tex.Civ.App., 235 S.W. 970, and it was not pleaded that the "without recourse" endorsement was the result of a mistake, or that it was actually intended by the parties that this particular note should be one of the "various chattel mortgage notes" to be endorsed "with recourse" in accordance with the letter of November 13, 1946.

■ The bank's $300 mortgage, although originally inferior to the $406.15 mortgage, was a valid and enforcible obligation, Senterfitt v. Bradley, Tex.Civ.App., 60 S.W.2d 815, 9 Tex.Jur. 121, § 35, when the first mortgage was finally paid off and discharged.

None of appellant's points discloses a reversible error and the judgment appealed from is accordingly affirmed.